## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JOSEPH RUDY, individually, and on
behalf of all others similarly situated,

     Plaintiff,

        vs.

FIRST NATIONAL COLLECTION
BUREAU, INC.,

     Defendant.

Docket No.:

**CLASS ACTION COMPLAINT**

JURY TRIAL DEMANDED

Joseph Rudy, individually, and on behalf of all others similarly situated, by

and through the undersigned counsel, complains, states, and alleges against First

National Collection Bureau, Inc., as follows:

## <u>NATURE OF THE ACTION</u>

1.     This action seeks to recover for violations of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), the Florida Consumer

Collection Practices Act, § 559.72, Fla. Stat., *et seq.* (the "FCCPA"), and the

Telephone Consumer Protection Act 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Congress enacted the FDCPA upon finding that debt collection abuse by debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a). Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3. The FDCPA protects consumers from abusive debt collection practices by regulating the conduct of debt collectors. *See Crawford v. LVNV Funding LLC*, 758 F.3d 1254, 1257 (11th Cir. 2014). To enforce its provisions, the FDCPA provides consumers with a private right of action against debt collectors who violate the Act. *Id.* at 1258.

4. The 11th Circuit applies the "least-sophisticated consumer" standard. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193, 1201 (11th Cir. 2010) (explaining that the least-sophisticated consumer standard applies to determine whether a debt collector has violated §§ 1692e or 1692f of the FDCPA).

5. The least-sophisticated consumer standard is intended to protect "all consumers, the gullible as well as the shrewd." *Id.* at 1194 (internal quotation marks omitted).

6.    Under the foregoing standard, a debt collector violates § 1692e by making a representation in a collection letter that would be deceptive or misleading to the "least sophisticated" recipient of the letter. *Id*. at 1193–95. Likewise, a collection practice violates § 1692f if it would be unfair or unconscionable as applied to the "least sophisticated" debtor subjected to the practice. *Id.* at 1201.

7.    After Congress passed the FDCPA, the Florida State legislature decided it wanted to go even further to protect its citizens from the rampant abuses perpetrated by debt collectors and creditors. To this end, the Florida State Legislature passed the FCCPA. The FCCPA is designed to protect consumers from harassment like the type described herein, and to protect consumers like the Plaintiff. "In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." *Id*. at § 559.552.

## JURISDICTION AND VENUE

8.    This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

9.    This court has jurisdiction over defendant First National Collection Bureau, Inc. because it regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

10.     Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District and Plaintiff resides within this District.

## PARTIES

11.     Plaintiff Joseph Rudy (hereinafter "Mr. Rudy" or "Plaintiff") is a natural person currently residing in the County of Pinellas, State of Florida.

12.     Plaintiff is a natural person allegedly obligated to pay a debt.

13.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. §559.55(8).

14.     Defendant First National Collection Bureau, Inc. (hereinafter "FNCB") is a company existing under the laws of the State of Nevada, with its principal place of business in Sparks, Nevada.

15.     FNCB has transacted business within this state as is more fully set forth hereinafter in this Complaint.

16.     FNCB regularly collects or attempts to collect debts asserted to be owed to others.

17.     FNCB is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

18.     The principal purpose of FNCB's businesses is the collection of such debts.

19.     FNCB uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

20.     FNCB is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).

21.     FNCB regularly uses the mails and/or telephone and/or text messages to cellular telephones, to collect, or attempt to collect, defaulted consumer debts.

22.     FNCB is a corporation subject to the FCCPA.

23.     The acts of FNCB as described in this Complaint were performed by FNCB or on FNCB's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority.  As such, all references to FNCB in this Complaint shall mean FNCB or its owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

24.     All of FNCB's actions described herein occurred within one year of the date of this Complaint.

25.     Plaintiff has been the sole subscriber of cellular telephone number ***-***-1528 for 20 years.

26.     On June 9, 2021, at 6:26 p.m. EST, while having dinner, Plaintiff received a text message on his cellular telephone, \*\*\*-\*\*\*-1528, on behalf of FNCB, from phone number 207-902-8619, seeking to collect a debt, pertaining to reference number \*\*\*\*\*9220 (hereinafter the "June 9 Message"). A true and accurate (redacted) copy of the June 9 Message is attached hereto as "**Exhibit 1.**"

27.     Upon information and belief, phone number 207-902-8619 is assigned to, or otherwise owned by, FNBC.

28.     Plaintiff did not owe any debt pertaining to reference number \*\*\*\*\*9220.

29.     Plaintiff was never offered or extended any credit pertaining to reference number \*\*\*\*\*9220.

30.     Plaintiff was never involved in any transaction pertaining to reference number \*\*\*\*\*9220.

31.     Plaintiff never entered into any contract pertaining to reference number \*\*\*\*\*9220.

32.     Plaintiff never did any business with any entity pertaining to reference number \*\*\*\*\*9220.

33.     Plaintiff did not owe any money to FNCB, or any of its clients.

34.     Upon information and belief, FNCB was attempting to collect a debt from the wrong consumer via text message.

35.     Rather than preparing and texting Plaintiff on its own, upon information and belief, FNCB decided to utilize a third-party to perform such activities on its behalf.

36.     FNCB does not have an established business relationship with Plaintiff.

37.     Upon information and belief, FNCB performs very little to no verification to ensure it is not sending text messages to the wrong consumers when attempting to collect debts.

38.     Upon information and belief, the June 9 Message is a form text message and/or computer-generated text message.

39.     Upon information and belief, the June 9 Message and the other text messages set forth herein were part of a text message campaign, whereby hundreds or thousands of messages were sent to consumers on behalf of FNCB.

40.     As part of its utilization of the third-party, FNCB conveyed information regarding the alleged debt to the third-party including FNCB's status as a debt collector, Plaintiff's alleged status as a debtor, the precise amount of the alleged Debt, the reference number, the entity to which Plaintiff allegedly owed the debt, and Plaintiff's cellular telephone number, among other things.

41.     FNCB's conveyance of the information regarding the debt to third party is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

42.     The third-party text vendor then populated some or all this information into a prewritten template and delivered such to Plaintiff at FNBC's direction, as part of the text message campaign.

43.     The June 9 Message, which conveyed information about the alleged debt, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

44.     Plaintiff did not provide FNCB prior consent to convey any information to any third-party.

45.     The June 9 Message was the initial communication Plaintiff received from FNCB.

46.     Upon information and belief, the message was sent to Plaintiff utilizing an automatic telephone system ("ATDS").

47.     Plaintiff did not provide FNCB his prior express consent to send text messages to Plaintiff.

48.     Plaintiff did not provide FNCB his prior express consent to send text messages to Plaintiff using an ATDS.

49.     On June 11, 2021, Plaintiff contacted FNCB to obtain the name and email contact information of FNCB's chief compliance officer or in-house attorney in an effort advise FNBC that it was contacting the wrong consumer and to tell FNBC to stop texting Plaintiff.

50.     During the June 11 call, Plaintiff spoke with Mr. Eliseo Montenegro of FNCB.

51.     Mr. Montenegro refused to provide Plaintiff with the name and email contact information of FNCB's chief compliance officer or in-house attorney.

52.     Considering the foregoing, Plaintiff engaged counsel to email FNCB's outside defense counsel, Dale Golden, Esquire, on Friday, June 11, 2021.

53.     The June 11 email from Plaintiff's counsel informed FNCB, among other things, that Plaintiff was represented by counsel, that FNBC was sending text messages to the wrong consumer, and such were unwanted.

54.     Upon information and belief, the June 11 email was forwarded to FNCB.

55.     Undeterred, on June 14, 2021 at 12:24 p.m. EST, Plaintiff received a second text message on his cellular telephone, \*\*\*-\*\*\*-1528, on behalf of FNCB, from phone number 207-902-8619, seeking to collect a debt, pertaining to reference number \*\*\*\*\*9220 (hereinafter the "June 14 Message"). A true and accurate (redacted) copy of the June 14 Message is attached hereto as "**<u>Exhibit 2</u>.**"

56.     On June 21, 2021 at 2:40 p.m. EST, Plaintiff received a third text message on his cellular telephone, ***-***-1528, on behalf of FNCB, from phone number 207-902-8619, seeking to collect a debt, pertaining to reference number *****9220 (hereinafter the "June 21 Message"). A true and accurate, redacted, copy of the June 21 Message is attached hereto as "**Exhibit 3**."

57.     On July 7, 2021, Plaintiff received a fourth text message on his cellular telephone, ***-***-1528, on behalf of FNCB, from phone number 207-902-8619, seeking to collect a debt, pertaining to reference number *****9220 (hereinafter the "July 7 Message"). A true and accurate, redacted, copy of the July 7 Message is attached hereto as "**Exhibit 4**."

58.     Like the June 9 Message, the June 14 Message, June 21 Message and July 7 Message were form text messages and/or computer-generated messages, as part of a text message campaign sent to hundreds or thousands of consumers, including Plaintiff, in a text message blast, utilizing an ATDS.

59.     FNCB's conduct as described herein, caused Plaintiff anxiety, aggravation, and emotional distress, as well as loss of time as a self-employed person.

60.     Plaintiff has suffered actual damages as a result of FNCB's actions described herein.

61.     Plaintiff was required to hire counsel to investigate FNCB's conduct due to concerns that FNCB would continue to attempt to collect a debt that Plaintiff did not owe.

62.     FNCB's conduct as described in this Complaint, was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from FNCB's conduct.

63.     Plaintiff justifiably fears that, absent this Court's intervention, FNCB will continue to use abusive, deceptive, unfair, and unlawful means in its attempts to collect the alleged Debt.

64.     Plaintiff justifiably fears that, absent this Court's intervention, FNCB will continue to unlawfully text him.

65.     Plaintiff justifiably fears that, absent this Court's intervention, FNCB will ultimately cause Plaintiff unwarranted economic harm.

## FIRST COUNT
## Violation of 15 U.S.C. § 1692c(a)(2)

66.     Plaintiff repeats and realleges paragraphs 1 through 21, 23 through 25, 27 and 49 through 65, as if fully restated herein.

67.     15 U.S.C. § 1692c(a)(2) prohibits a debt collector from communicating with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such and has knowledge of, or can readily ascertain, such attorney's name and address.

68.     FNCB was advised on June 11, 2021, that Plaintiff was represented by an attorney with respect to the alleged debt.

69.     FNBC had knowledge of Plaintiff's counsel's name and address, as such was provided in the June 11 email.

70.     FNBC never attempted to contact Plaintiff's counsel.

71.     FNBC knew that Plaintiff was represented by an attorney with respect to the alleged debt when it sent the June 14 Message.

72.     FNBC knew that Plaintiff was represented by an attorney with respect to the alleged debt when it sent the June 21 Message.

73.     FNBC knew that Plaintiff was represented by an attorney with respect to the alleged debt when it sent the July 7 Message.

74.     For the foregoing reasons, FNBC violated 15 U.S.C. § 1692c(a)(2) and is liable to Plaintiff therefor.

## SECOND COUNT
## Violation of 15 U.S.C. §§ 1692c(b) and 1692f

75.     Plaintiff repeats and realleges paragraphs 1 through 21, 23 through 27, 34 through 43, and 55 through 65, as if fully restated herein.

76.     15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "*a debt collector may not communicate, in connection with the collection of any debt,*" with anyone other than the consumer "*without the prior consent of the consumer given directly to the debt collector*."

77.    The third-party text vendor does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

78.    Plaintiff never consented to FNCB's communication with the third-party vendor concerning the alleged Debt.

79.    Plaintiff never consented to FNCB's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

80.    Plaintiff never consented to FNCB's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

81.    Upon information and belief, FNCB has utilized a third-party vendor for these purposes thousands of times.

82.    FNCB utilizes a third-party vendor in this regard for the sole purpose of maximizing its profits.

83.    FNCB utilizes a third-party vendor without regard to the propriety and privacy of the information which it discloses to such third-party.

84.    FNCB utilizes a third-party vendor with reckless disregard for the harm to Plaintiff and other consumers that could result from FNCB's unauthorized disclosure of such private and sensitive information.

85.    FNCB violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

86.     15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

87.     The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

88.     FNCB disclosed Plaintiff's private and sensitive information to the third-party vendor.

89.     FNCB violated 15 U.S.C. § 1692f when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

90.     For the foregoing reasons, FNCB violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692c(c)

91.     Plaintiff repeats and realleges paragraphs 1 through 21, 23 through 65, as if fully restated herein.

92.     15 U.S.C. § 1692c(c) provides that, subject to several exceptions not applicable here, "*if a consumer notifies a debt collector in writing that the consumer…wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt.*"

93.     The June 11, 2021, email from Plaintiff's counsel informed FNCB that it was sending text messages to the wrong consumer.

94.     Nevertheless, FNCB continued to send Plaintiff text messages, specifically the June 14 Message, June 21 Message and July 7 Message.

95.     FNCB violated 15 U.S.C. § 1692c(c) when it continued to send text messages to Plaintiff after receiving written notice to cease sending such.

96.     For the foregoing reasons, FNCB violated 15 U.S.C. § 1692c(c) and is liable to Plaintiff therefor.

### FOURTH COUNT
### Violation of 15 U.S.C. § 1692d

97.     Plaintiff repeats and realleges paragraphs 1 through 21, 23 through 27, and 49 through 65, as if fully restated herein.

98.     15 U.S.C. § 1692d provides that, "*a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt*."

99.     FNCB violated 15 U.S.C. § 1692d when it continued to send text messages to Plaintiff after receiving written notice to cease sending such.

100.    FNCB violated 15 U.S.C. § 1692d when it continued to send text messages to Plaintiff after receiving written notice that it was sending the text messages to the wrong consumer.

101.     The natural consequence of FNBC's actions described herein was to harass, oppress, or abuse Plaintiff.

102.   For the foregoing reasons, FNCB violated 15 U.S.C. § 1692d and is liable to Plaintiff therefor.

### FIFTH COUNT
### Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

103.   Plaintiff repeats and realleges paragraphs 1 through 21, 23 through 34, 55 through 57, and 59 through 65, as if fully restated herein.

104.   15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

105.   15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

106.   15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

107.   An allegation by a debt collector that a consumer owes a debt to a certain entity when the consumer does not owe a debt to that entity is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

108.   An allegation by a debt collector that a consumer owes a certain amount of money when the consumer does not that amount is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

109.   As set forth, Plaintiff did not owe the alleged Debt.

110.   As such, FNBC's allegation that Plaintiff owed the alleged Debt is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

111.   FNBC's allegation that Plaintiff owed the alleged Debt is a false representation of the character, amount, and/or legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

112.   FNBC's allegation that Plaintiff owed the alleged Debt is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

113.   FNCB's collection attempts from Plaintiff, when Plaintiff did not owe the alleged Debt is a false, misleading, and/or deceptive representation, in violation of 15 U.S.C. § 1692e.

114.   FNCB's collection attempts from Plaintiff, when Plaintiff did not owe the alleged Debt is a false representation of the character, amount, and/or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A).

115.   FNCB's collection attempts from Plaintiff, when Plaintiff did not owe the alleged Debt is a false representation made, or deceptive means used, in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

116.   For the foregoing reasons, FNBC violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

## SIXTH COUNT
## Violation of 15 U.S.C. § 1692e(11)

117.   Plaintiff repeats and realleges paragraphs 1 through 21, and 23 through 27, and 58 through 65, as if fully restated herein.

118.   15 U.S.C. § 1692e(11) provides a debt collector shall disclose in the initial communication with the consumer that, "*the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose*."

119.   The June 9 Message failed to include the foregoing disclosure.

120.   For the foregoing reasons, FNBC violated 15 U.S.C. § 1692e(11) and is liable to Plaintiff therefor.

## SEVENTH COUNT
## Violation of § 559.72(9) of the FCCPA

121.   Plaintiff repeats and realleges paragraphs 1 through 34, 55 through 57, and 58 through 65, as if fully restated herein.

122.   Section 559.72(9) of the FCCPA provides that a debt collector shall not "*Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist*."

123.   The June 9 Message, June 14 Message, June 21 Message, and July 7 Message were attempts to collect a debt when FNCB knew, or should have known, that Plaintiff did not owe the alleged debt, in violation of Section 559.72(9) of the FCCPA.

124.   For the foregoing reasons, FNBC violated Section 559.72(9) of the FCCPA and is liable to Plaintiff therefor.

## EIGHTH COUNT
## Violation of § 559.72(18) of the FCCPA

125.   Plaintiff repeats and realleges paragraphs 1 through 65, as if fully restated herein.

126.   Section 559.72(18) of the FCCPA states that a debt collector shall not: "*Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address…*"

127.   FNCB knew Plaintiff was represented by an attorney when it sent the June 14 Message and June 21 Message.

128.   The June 14 Message, June 21 Message, and July 7 Message were sent directly to Plaintiff in violation of Section 559.72(18) of the FCCPA.

129.   For the foregoing reasons, FNBC violated Section 559.72(18) of the FCCPA and is liable to Plaintiff therefor.

## NINTH COUNT
## Violation of § 227(b) of the TCPA

130.   Plaintiff repeats and realleges paragraphs 1 through 21, 23 through 27, and 35 through 65, as if fully restated herein.

131.   47 U.S.C § 227(b) provides, in part, as follows:

(1) Prohibitions - It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

…(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States;

132.   FNCB sent numerous text messages to Plaintiff's cell phone, as part of a text message campaign to consumers, using an ATDS.

133.   Such text messages were not for an emergency, nor for any other expressly permitted purpose under the TCPA.

134.   FNCB did not have Plaintiff's permission to contact him via his cell phone.

135.   FNCB violated the TCPA utilizing an ATDS to send text messages to Plaintiff's cellphone.

136.   FNCB willfully violated the TCPA by sending text messages to Plaintiff's cellphone without his prior express consent.

137.   For the foregoing reasons, FNBC violated § 227(b) of the TCPA and is liable to Plaintiff therefor.

## **CLASS ALLEGATIONS**

138.   Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of Florida.

139.   Plaintiff seeks to certify classes of:

> i.   All individuals where FNCB sent information concerning the individual's alleged debt to a third-party vendor without obtaining the prior consent of the individual, which disclosure was made on or after a date one year prior to the filing of this action to the present.
>
> ii.   All individuals where FNCB sent an initial communication via text message without disclosing that it was a debt collector attempting to collect a debt and that any information obtained will be used for that purpose, which text message was sent on or after a date one year prior to the filing of this action to the present.
>
> iii.   All individuals where FNCB sent a communication via text message using an ATDS without express consent of the individual, which text message was sent on or after a date four years prior to the filing of this action to the present.

140.   This action seeks a finding that FNCB's conduct violates the FDCPA, the FCCPA, and the TCPA, and asks that the Court award damages as authorized by those statutes.

141.   The Class consists of more than forty persons.

142.   Plaintiff's claims are typical of the claims of the Class.   Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues.   Common relief is therefore sought on behalf of all members of the Class.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

143.   The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  FNCB has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

144.   Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because FNCB's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

145.   Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Certifying this action as a class action; and

b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; and

c. Finding FNCB's actions violate the FDCPA; and

d. Finding FNCB's actions violate the FCCPA; and

e. Finding FNCB's actions violate the TCPA; and

f. Awarding damages to Plaintiff and the Class pursuant to those statutes; and

g. Awarding Plaintiff's attorneys' fees pursuant to those statutes; and

h. Awarding the costs of this action to Plaintiff; and

    i.  Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

    j.  Such other and further relief that the Court determines is just and proper.

Dated: July 12, 2021           Respectfully Submitted,

                **SHRADER LAW, PLLC**
                612 W. Bay Street
                Tampa, Florida 33606
                Phone:  (813) 360-1529
                Fax:     (813) 336-0832

                /s/ Brian L. Shrader
                **BRIAN L. SHRADER, ESQ.**
                Florida Bar No. 57251
                e-mail: bshrader@shraderlawfirm.com
                *Attorney for Plaintiff*

# EXHIBIT 1



FROM: First National Collection Bureau, Inc.
TO: Matthewe
We are contacting you regarding an important personal business matter. This is a text from a debt collector.
Call us at 1-800-824-6191 or pay online using reference number ████9220 at fncbinc.com.

Call us at 1-800-824-6191 or pay online using reference number ████9220 at https://tinyurl.com
/fncbinc

**EXHIBIT 2**



FROM: First National Collection Bureau, Inc.
TO: Matthewe
We are contacting you regarding an important personal business matter. This is a text from a debt collector.
Call us at 1-800-824-6191 or pay online using reference number ▮▮▮▮▮9220 at fncbinc.com.

Call us at 1-800-824-6191 or pay online using reference number ▮▮▮▮▮9220 at https://tinyurl.com/fncbinc

# EXHIBIT 3



FROM: First National Collection Bureau, Inc.
TO: Matthewe
We are contacting you regarding an important personal business matter. This is a text from a debt collector.
Call us at 1-800-824-6191 or pay online using reference number ████████9220 at fncbinc.com.

Call us at **1-800-824-6191** or pay online using reference number ████████ 9220 at **https://tinyurl.com/fncbinc**

# EXHIBIT 4

TO: Matthewe
We are contacting you regarding an important personal business matter. This is a text from a debt collector.
Call us at 1-800-824-6191 or pay online using reference number ████9220 at fncbinc.com.

Call us at
1-800-824-6191
or pay online using reference number
████9220 at
https://tinyurl.com/fncbinc.